**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

WALTER A. CHODOR,                                    )
                                                     )
                        Plaintiff,                   )        No.    FILED: JUNE 17, 2008
                                                     )               08CV3463
                v.                                   )        Judge  JUDGE ANDERSEN
                                                     )               MAGISTRATE JUDGE MASON
THE CITY OF CHICAGO, an Illinois municipal           )               TG
corporation, body politic and unit of local         )
government,                                          )
                                                     )
                        Defendant.

<u>**NOTICE OF REMOVAL**</u>

To the judges of the United States District Court for the Northern District, Eastern

Division of Illinois:

Defendant, CITY OF CHICAGO, removes the above-entitled action to this court pursuant

to 28 U.S.C. §1441(b).  In support of this motion, defendant states as follows:

1.      Petitioner is a defendant in the civil action filed on May 16, 2008, in the Circuit

Court of Cook County of the State of Illinois, No. 2008 L 005416, entitled WALTER A.

CHODOR,  Plaintiff v. CITY OF CHICAGO, an Illinois municipal corporation, body politic and

unit of local government, Defendant. See Complaint attached hereto as Exhibit A.

2.      The Summons and Complaint was served upon defendant, City of Chicago, on

June 4, 2008.

3.      Count I of the Complaint alleges the plaintiff's civil rights were violated, under

the Fifth and Fourteen Amendments to the United States Constitution.  The claims in Count 1 are

brought pursuant to 42 U.S.C. §1983.

4.      Defendant is entitled to remove this action pursuant to the provisions of 28 U.S.C.

§ 1441 (b) in that plaintiff's claims are founded under the laws of the United States.

WHEREFORE, defendant City of Chicago respectfully requests that the above-entitled action now pending in the Circuit Court of Cook County in the State of Illinois, Case number 2008 L 005416, be removed therefrom to this Court.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel of the City of Chicago

s/ Jay M. Kertez
JAY M. KERTEZ
Senior Counsel

Chicago, Illinois 60602
312/744-9219

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have caused to be served via electronic filing a true and correct

copy of the above and foregoing **Notice of Removal** to the counsel indicated on the **Notice of**

**Filing** this 17th day of June, 2008.


s/ Jay M. Kertez
JAY M. KERTEZ
Senior Counsel

30 N. LaSalle, Suite 1020
Chicago, Illinois 60602
312/744-9212

JUDGE ANDERSEN
MAGISTRATE JUDGE MASON
TG

JHE 6/9/8
PIOTH
CPD

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| **WALTER A. CHODOR,** | |
| Plaintiff, | Case No.: 2008-L- |
| **v.** | Judge: The Hon. _Diane Larsen_ |
| | Calendar: _B_ |
| **THE CITY OF CHICAGO,** an Illinois municipal corporation, body politic and unit of local government, | Room: _2203_ |
| | **Jury Trial Respectfully Demanded** |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff Walter A. Chodor (hereinafter, "Plaintiff"), by and through his

attorneys, Ávila & Tomic, LLC, and complains against Defendant The City of Chicago, Illinois

(hereinafter, "Defendant"). In furtherance whereof, Plaintiff states as follows:

### JURISDICTION AND VENUE

1.      The charges contained herein allege torts and contractual disputes governed by

Illinois law.

2.      The events giving rise to Plaintiff's claims occurred principally within the

geographical boundaries of Cook County, Illinois. Living parties are residents of Cook County,

Illinois; the principal place of business or operation of non-living parties is Cook County,

Illinois.

### PARTIES

3.      Plaintiff Walter A. Chodor resides in the is an individual who has, at all times

relevant hereto, resided in the City of Chicago, in the County of Cook, in the State of Illinois,

and is a citizen of the United States. At all times relevant hereto, Plaintiff's address was 5414

**EXHIBIT
A**

South Kedvale Avenue, Chicago (Cook County), Illinois. Nothing herein, however, constitutes a service address nor a direction to communicate directly with Plaintiff; all service to, and communication with, Plaintiff is to be made through Plaintiff's attorneys par usual.

4.    Defendant City of Chicago (hereinafter, "Defendant") is an Illinois municipal corporation, body politic and unit of local government, operating throughout the territorial boundaries of the City of Chicago, within the Counties of Cook and DuPage. The centre of management, direction and administration of Defendant is City Hall, located at 121 North LaSalle Street, Chicago (Cook County), Illinois. Defendant was, at all times relevant hereto, acting under the colour of state law,

## STATEMENT OF FACTS

5.    Plaintiff was employed by Defendant as a detective in Defendant's Department of Police; Plaintiff's detective star number was 20285. Plaintiff had held a police commission from Defendant for since 24 April 1991 until 12 February 2007; this period includes Plaintiff's employment at the ranks of patrolman and detective. Plaintiff's principal place of employment was the geographical corporate limits of the City of Chicago (Cook and DuPage Counties), Illinois.

6.    In the springtime of 2006, Plaintiff was under the mistaken but reasonable belief that Plaintiff was infected with human immunodeficiency virus, commonly known by the acronym, 'HIV'.

7.    On or about 21 May 2006, Plaintiff ingested the medication, Marinol® because Plaintiff was reasonably albeit incorrectly led to believe that Marinol® was a dietary supplement and because Marinol® was and is a recognised treatment for human immunodeficiency virus. Plaintiff received the Marinol® from Plaintiff's life-long friend, David Bajic, who incorrectly led

Plaintiff to believe that Marinol® was a dietary supplement intended to increase the appetite of individuals infected with the human immunodeficiency virus. Plaintiff had no reason to doubt David Bajic's statements as David Bajic had been a good friend and confidant of Plaintiff throughout the life of Plaintiff.

8.      On or about 23 May 2006, Plaintiff also ingested Motrin®, an over-the-counter brand of the non-steroidal anti-inflammatory drug known under the international non-proprietary name (i.e. INN or generic name) 'Ibuprofen,' the systematic name 2-[4-(2-methylpropyl)phenyl]propanoic acid, and the chemical formula $C_{13}H_{18}O_2$. As an non-steroidal anti-inflammatory analgesic, Ibuprofen inhibits cyclooxygenase-2 in order to alleviate symptoms of arthritis, primary dysmenorrhea, fever, and pain.

9.      On or about 24 May 2006, Defendant's supervisory officers or agents ordered Plaintiff to report for a supposedly "random" drug test at Defendant's facility located at or about 3510 South Michigan Avenue, Chicago (Cook County), Illinois. Plaintiff complied with Defendant's order and reported for the supposedly "random" drug test, at which time, Plaintiff provided a specimen of Plaintiff's urine to Defendant's supervisory or investigative officers or agents.

10.     Plaintiff subsequently learned through independent research that Marinol® is not a dietary supplement as Plaintiff had been led to believe, but a controlled prescription medicine. Marinol® is also known under the international non-proprietary name (i.e. INN or generic name) 'dronabinol,' the systematic name (−)-(6a$R$,10a$R$)-6,6,9-trimethyl-3-pentyl-6a,7,8,10a-tetrahydro-6H-benzo[c]chromen-1-ol, the chemical formula $C_{21}H_{30}O_2$, and the chemical name $\Delta^9$-tetrahydrocannabinol. $\Delta^9$-Tetrahydrocannabinol is commonly known by the abbreviation, 'THC,' and is the principal psychoactive chemical associated with cannabis. $\Delta^9$-

Tetrahydrocannabinol binds to cannabinoid receptor $CB_1$ in humans to produce a psychoactive effect.

11.    On or about 1 June 2006, Defendant's supervisory officers or agents ordered Plaintiff to report to Defendant's Internal Affairs Division of Defendant's Police Department, located at or about 3510 South Michigan Avenue, Chicago (Cook County), Illinois, to be interrogated by Defendant's supervisory officers or agents. Plaintiff complied with Defendant's order and reported to Defendant's Internal Affairs Division of Defendant's Police Department, Whereupon, Defendant's supervisory and investigatory officer, Police Sergeant Joseph Stehlik, interrogated Plaintiff.

12.    Defendant coerced and compelled Plaintiff to undergo police interrogation under duress and against Plaintiff's will, under the threat of summary termination of Plaintiff's employment. Defendant's investigative officers or agents behaved in a manner calculated to imply that Plaintiff was not free and, indeed, Plaintiff reasonably believed that Plaintiff was under arrest or apprehension. Plaintiff stated to Defendant's supervisory and investigatory officer, Police Sergeant Joseph Stehlik:

> "I am not giving this statement voluntarily but under duress. I am only giving this statement at this time because I know that I could lose my job if I refuse the direct order [i.e., to undergo interrogation] that is given to me."

13.    Plaintiff also stated to Defendant's supervisory and investigatory officer, Police Sergeant Joseph Stehlik, that Illinois statutes require that a complaint against a sworn peace officer must be supported by a sworn affidavit, and that Plaintiff did not believe that the requisite affidavit had been provided.

14.    Despite Plaintiff's objections, Plaintiff cooperated with Defendant and answered the questions of Defendant's supervisory and investigatory officer, Police Sergeant Joseph Stehlik, under duress and under the threat of termination of Plaintiff's employment.

15.    Plaintiff also requested of Defendant's supervisory and investigatory officer, Police Sergeant Joseph Stehlik, that, in accordance with Defendant's procedures, Plaintiff be provided the opportunity to undergo a polygraph examination. Defendant's supervisory and investigatory officer, Police Sergeant Joseph Stehlik, coerced Plaintiff under duress to forego a polygraph examination that would have revealed Plaintiff's sincerity. Defendant's supervisory and investigatory officer, Police Sergeant Joseph Stehlik, insisted to Plaintiff that Defendant believed Plaintiff's statements, including that Plaintiff was reasonably mistaken about the facts related to Marinol®.

16.    Defendant made no accommodation for Plaintiff's mistaken but reasonable belief that Plaintiff was infected with human immunodeficiency virus.

17.    On or about 8 January 2007, Defendant charged Plaintiff with violations of Defendant's Department of Police Rules 1, 2, and 6 (respectively, "Violation of any law or ordinance," "Any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department," and "Disobedience of an order or directive, whether written or oral") for consuming the Marinol®.  Defendant scheduled a hearing of the charges before Defendant's Police Board in order to terminate Plaintiff's city employment.

18.    Defendant's supervisory officers or agents coerced Plaintiff to "resign" Plaintiff's employment in lieu of being terminated by Defendant's Police Board, by essentially holding Plaintiff's accrued leave time (valued at several thousand dollars) hostage.

19.    Defendant's supervisory officers or agents coerced Plaintiff to "resign" Plaintiff's employment in lieu of being terminated by Defendant's Police Board, by threatening to release the confidential investigation records of Plaintiff and thus defame Plaintiff and inhibit Plaintiff's ability to seek employment elsewhere.

20.    Plaintiff, under duress and coercion from Defendant, resigned Defendant's employment under protest on 12 February 2007. Defendant's actions in coercing Plaintiff to "resign" Plaintiff's employment were such as to render Plaintiff's so-called "resignation" involuntary and a constructive termination.

21.    Following Defendant's constructive termination of Plaintiff's city employment, Defendant has caused or permitted the publication of all or portions of the confidential investigation against Plaintiff and/or Defendant has caused or permitted the publication of a falsehood that Defendant was terminated for having smoked marijuana. Defendant has, in recent months, been repeatedly accused of having been "fired" by Defendant's Police Department for "smoking marijuana."

22.    Defendant's causation or permission of the publication of all or portions of the confidential investigation against Plaintiff and/or Defendant's causation or permission of the publication of a falsehood that Defendant was terminated for having smoked marijuana is either ongoing; or, in the alternative, was committed in recent months; or, in the alternative, was such as to not be reasonably discoverable by Plaintiff until sometime in the latter half of 2007.

## COUNT I
## Violation of Plaintiff's Civil Rights

23.    Plaintiff hereby re-alleges the allegations contained in Paragraphs 1 through 22 hereof and adopts same collectively into this Paragraph 23 as if fully set forth herein.

24.    Plaintiff seeks damages under the provisions of 42 U.S.C. § 1983, in compensation for Defendant's violation of Plaintiff's civil rights enshrined in the Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff's investigatory officers or agents, acting under the colour of law as a city police department, compelled and coerced

Plaintiff into cooperating with Defendant's police interrogation under duress and under the threat of summary termination of Plaintiff's employment.

25.    Defendant's actions constitute violations of Plaintiff's civil rights, guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, under colour of law.

26.    Plaintiff is entitled to receive from Defendant an amount equal to or in excess of one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's violation of Plaintiff's Constitutionally-guaranteed civil rights.

27.    Plaintiff is entitled to receive from Defendant punitive damages in an amount equal to or in excess of two million United States dollars (US$2,000,000.00) to dissuade Defendant and others from repeating Defendant's actions and omissions.

## COUNT II
## Wrongful Termination

28.    Plaintiff hereby re-alleges the allegations contained in Paragraphs 1 through 22 hereof and adopts same collectively into this Paragraph 28 as if fully set forth herein.

29.    Defendant's coercion of Plaintiff to sign a so-called "resignation" amounted to constructive termination by Defendant, vice voluntary resignation by Plaintiff.

30.    Defendant made no accommodation for Plaintiff's mistaken but reasonable belief that Plaintiff was infected with human immunodeficiency virus, under the Americans With Disabilities Act.

31.    Defendant's wrongful termination of Plaintiff's city employment was performed with actual malice, and known to be wrongful, with a reckless disregard for their wrongful nature and with the knowledge of the harmful effect the actions would have upon Plaintiff.

32.     As a direct and proximate result of Defendant's wrongful termination of Plaintiff's city employment, Plaintiff suffered actual economic damages, in that: a) Plaintiff ceased to receive wages; and b) Plaintiff's professional and work reputation were damaged, thereby impairing Plaintiff's ability to find employment.

33.     Plaintiff is entitled to receive from Defendant an amount equal to or in excess of one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's wrongful termination of Plaintiff's city employment.

## COUNT III
### Defamation *Per Se* by Wrongful Termination

34.     Plaintiff hereby re-alleges the allegations contained in Paragraphs 1 through 22 hereof and adopts same collectively into this Paragraph 34 as if fully set forth herein.

35.     Defendant's coercion of Plaintiff to sign a so-called "resignation" amounted to constructive termination by Defendant, vice voluntary resignation by Plaintiff.

36.     Defendant's wrongful termination of Plaintiff's city employment was calculated to project defamatory misrepresentations regarding the integrity and work record of Plaintiff in order to harm the reputation of Plaintiff and Plaintiff's business and professional reputation.

37.     Defendant's wrongful termination of Plaintiff's city employment constitutes defamation *per se* because this action deals with the business and professional reputation of Plaintiff. Additionally this action impugns Plaintiff's ability to find employment, and otherwise enjoy life in reasonable privacy; that said defamation has cast a strong stigma on Plaintiff's reputation, causing emotional and financial damage.

38.     Defendant's wrongful termination of Plaintiff's city employment was performed with actual malice, and known by Defendant to be wrongful, with a reckless disregard for its wrongful nature and with the knowledge of the harmful effect the action would have upon Plaintiff.

39.     As a direct and proximate result of Defendant's wrongful termination of Plaintiff's city employment, Plaintiff's professional and work reputations were damaged.

40.     Plaintiff is entitled to receive from Defendant an amount equal to or in excess of one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's *per se* defamation of Plaintiff.

## COUNT IV
## Defamation *Per Se* by Publication of Slander

41.     Plaintiff hereby re-alleges the allegations contained in Paragraphs 1 through 22 hereof and adopts same collectively into this Paragraph 41 as if fully set forth herein.

42.     Defendant's causation or permission of the publication of all or portions of the confidential investigation against Plaintiff and/or Defendant's causation or permission of the publication of a falsehood that Defendant was terminated for having smoked marijuana, was calculated to project defamatory misrepresentations regarding the integrity and work record of Plaintiff in order to harm the reputation of Plaintiff and Plaintiff's business and professional reputation.

43.     Defendant's causation or permission of the publication of all or portions of the confidential investigation against Plaintiff and/or Defendant's causation or permission of the publication of a falsehood that Defendant was terminated for having smoked marijuana, constitutes defamation *per se* because this action deals with the business and professional

reputation of Plaintiff. Additionally this action impugns Plaintiff's ability to find employment, and otherwise enjoy life in reasonable privacy; that said defamation has cast a strong stigma on Plaintiff's reputation, causing emotional and financial damage.

44.   Defendant's causation or permission of the publication of all or portions of the confidential investigation against Plaintiff and/or Defendant's causation or permission of the publication of a falsehood that Defendant was terminated for having smoked marijuana, was performed with actual malice, and known by Defendant to be wrongful, with a reckless disregard for its wrongful nature and with the knowledge of the harmful effect the action would have upon Plaintiff.

45.   As a direct and proximate result of Defendant's causation or permission of the publication of all or portions of the confidential investigation against Plaintiff and/or Defendant's causation or permission of the publication of a falsehood that Defendant was terminated for having smoked marijuana, Plaintiff's professional and work reputations were damaged.

46.   Plaintiff is entitled to receive from Defendant an amount equal to or in excess of one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's *per se* defamation of Plaintiff.

## COUNT V
## Defamation *Per Quad* by Wrongful Termination

47.   Plaintiff hereby re-alleges the allegations contained in Paragraphs 1 through 22 hereof and adopts same collectively into this Paragraph 47 as if fully set forth herein.

48.   Defendant's coercion of Plaintiff to sign a so-called "resignation" amounted to constructive termination by Defendant, vice voluntary resignation by Plaintiff.

49.    Defendant's wrongful termination of Plaintiff's city employment ascribed to Plaintiff personal and/or professional negligence in Plaintiff's work related duties for Defendant. That said false innuendo made by Defendant's action would lead a reasonable person to believe that Plaintiff was an incompetent person in Plaintiff's work related activities.

50.    Defendant's wrongful termination of Plaintiff's city employment was performed with actual malice, and known to be wrongful, with a reckless disregard for their wrongful nature and with the knowledge of the harmful effect Defendant's action would have upon Plaintiff.

51.    As a direct and proximate result of Defendant's wrongful termination of Plaintiff's city employment, Plaintiff suffered actual economic damages, in that Plaintiff's professional and work reputation were damaged, and Plaintiff's ability to find employment has been impaired.

52.    Plaintiff is entitled to receive from Defendant an amount equal to or in excess of one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's *per quad* defamation of Plaintiff.

## COUNT VI
## Defamation *Per Quad* by Publication of Slander

53.    Plaintiff hereby re-alleges the allegations contained in Paragraphs 1 through 22 hereof and adopts same collectively into this Paragraph 53 as if fully set forth herein.

54.    Defendant's causation or permission of the publication of all or portions of the confidential investigation against Plaintiff and/or Defendant's causation or permission of the publication of a falsehood that Defendant was terminated for having smoked marijuana, ascribed to Plaintiff personal and/or professional negligence in Plaintiff's work related duties for

Defendant. That said false innuendo made by Defendant's action would lead a reasonable person to believe that Plaintiff was an incompetent person in Plaintiff's work related activities.

55.    Defendant's causation or permission of the publication of all or portions of the confidential investigation against Plaintiff and/or Defendant's causation or permission of the publication of a falsehood that Defendant was terminated for having smoked marijuana, was performed with actual malice, and known to be wrongful, with a reckless disregard for their wrongful nature and with the knowledge of the harmful effect Defendant's action would have upon Plaintiff.

56.    As a direct and proximate result of Defendant's causation or permission of the publication of all or portions of the confidential investigation against Plaintiff and/or Defendant's causation or permission of the publication of a falsehood that Defendant was terminated for having smoked marijuana, Plaintiff suffered actual economic damages, in that Plaintiff's professional and work reputation were damaged, and Plaintiff's ability to find employment has been impaired.

57.    Plaintiff is entitled to receive from Defendant an amount equal to or in excess of one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's *per quad* defamation of Plaintiff.

## COUNT VII
### Intentional Infliction of Emotional Distress by Publication of Slander

58.    Plaintiff hereby re-alleges the allegations contained in Paragraphs 1 through 22 hereof and adopts same collectively into this Paragraph 58 as if fully set forth herein.

12

59.     Defendant's causation or permission of the publication of all or portions of the confidential investigation against Plaintiff and/or Defendant's causation or permission of the publication of a falsehood that Defendant was terminated for having smoked marijuana, was without cause, and was callous and uncaring. Defendant was, as well, negligent and malicious in knowing how Defendant's actions would hurt the emotional well being of Plaintiff.

60.     The facts alleged demonstrate Defendant's extreme and outrageous conduct, the intensity and duration of Defendant's conduct, and the direction of Defendant's officers, managers and agents to attack and harass Plaintiff concerning Plaintiff's work record.

61.     These extreme and outrageous actions have hindered Plaintiff's employment opportunities and affected Plaintiff's reputation and employability.

62.     As a proximate result of one or more of these intentional acts or omissions, Plaintiff sustained and continues to sustain extreme and emotional distress.

63.     Plaintiff is entitled to receive from Defendant an amount equal to or in excess of one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's intentional infliction of Plaintiff's severe emotional distress.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays this honourable court enter judgement in favour of Plaintiff and against Defendant, specifically:

A.     Awarding Plaintiff:

(1)     One hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's violation of Plaintiff's civil rights;

(2)     punitive damages in an amount equal to or greater than two million dollars (US$2,000,000.00) to punish and deter Defendant and others from engaging in similar future violations of American citizens' civil rights;

(3)     interest on the compensatory and punitive damages awarded on the basis of Defendant's violation of Plaintiff's civil rights, at the rate set by law, to commence from 21 February 2006;

(4)     one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's wrongful termination of Plaintiff's city employment;

(5)     interest on the compensation for Defendant's wrongful termination of Plaintiff's city employment, at the rate set by law, to commence from 21 February 2006;

(6)     one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's *per se* defamation of Plaintiff by wrongful termination;

(7)     interest on the compensation for Defendant's *per se* defamation of Plaintiff by wrongful termination, at the rate set by law, to commence from 21 February 2006;

(8)     one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's *per se* defamation of Plaintiff by publication of slander;

(9)     interest on the compensation for Defendant's *per se* defamation of Plaintiff by publication of slander, at the rate set by law, to commence from 21 February 2006;

(10)    one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's *per quod* defamation of Plaintiff by wrongful termination;

(11)    interest on the compensation for Defendant's *per quod* defamation of Plaintiff by wrongful termination, at the rate set by law, to commence from 21 February 2006;

(12)    one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's *per quod* defamation of Plaintiff by publication of slander;

(13)    interest on the compensation for Defendant's *per quod* defamation of Plaintiff by publication of slander, at the rate set by law, to commence from 21 February 2006;

(14)  one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's intentional infliction of Plaintiff's severe emotional distress by publication of slander;

(15)  interest on the compensation for Defendant's intentional infliction of Plaintiff's severe emotional distress by publication of slander, at the rate set by law, to commence from 21 February 2006;

(16)  costs and attorneys fees and related non-taxable expenses; and

B.  Granting such additional relief as this honourable court deems fit and appropriate.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury of all issues contained herein for which a jury trial is allowed.

Respectfully submitted,

WALTER A. CHODOR,
Plaintiff

By One of His Attorneys

Firm No. 41101
Ávila & Tomic, LLC
Attorneys for Plaintiff
227 West Monroe Street, Suite 2000
Chicago, Illinois  60606-5040
312-762-5928 telephone
312-762-5929 telefacsimile

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

WALTER A. CHODOR,

     Plaintiff,

     v.

THE CITY OF CHICAGO, an Illinois municipal corporation, body politic and unit of local government,

     Defendant.

Case No.:    2008-L- _5416_

Judge:    The Hon. _Diane La Buy_
Calendar: _B_
Room: _2203_

**Jury Trial Respectfully Demanded**

### ATTESTATION

STATE OF ILLINOIS    }
                } ss.
COUNTY OF COOK     }

**PLAINTIFF WALTER A. CHODOR**, under penalties as provided by law, certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies that aforesaid he believes to be true.

X _Walter A. Chodor_

Walter A. Chodor,
Plaintiff

Subscribed and sworn to before me on this _13TH_ day of _MAY_ , 2008. My commission expires _NOV 10,_ , 20_08_ .

_Elaine M. Brown_
Notary Public

{SEAL}

"OFFICIAL SEAL"
ELAINE M. BROWN
Notary Public, State of Illinois
My Commission Expires 11/10/08

16

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

**WALTER A. CHODOR,**

       Plaintiff,

       **v.**

**THE CITY OF CHICAGO,** an Illinois
municipal corporation, body politic and unit of
local government,

       Defendant.

Case No.:    2008-L- _5416_

Judge:    The Hon. _Diane Larsen_
Calendar:    _B_
Room:    _2203_

**Jury Trial Respectfully Demanded**

### NOTICE OF FILING

To:    The City of Chicago
      121 North LaSalle Street, Room 600
      Chicago, Illinois  60602-1244

PLEASE TAKE NOTICE that on this day, Plaintiff filed with the Clerk of the Circuit Court of
Cook County, the attached **Jury Demand** in the above-captioned case. A copy of same is hereby
served upon you.

### CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he this day caused a copy of the above Notice of
Filing and the document described thereon, to be served upon the party listed above by attaching
the same to the complaint and summons for service therewith; and further states that a courtesy
copy was delivered to the judge listed above.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements
set forth herein are true and correct.

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

**WALTER A. CHODOR,**

      Plaintiff,

    v.

**THE CITY OF CHICAGO,** an Illinois
municipal corporation, body politic and unit of
local government,

      Defendant.

Case No.:  2008-L2008L005416
CALENDAR/ROOM B
Judge:    The Hon. TIME 00:00
Calendar:  B Tort – Intentional
Room:    2203    Diane Larsen

**Jury Trial Respectfully Demanded**

### JURY DEMAND

NOW COMES Plaintiff and respectfully demands a jury trial. Fee was paid to the Clerk of the

Circuit Court at the time this demand was filed.

Respectfully submitted,

WALTER A. CHODOR, Plaintiff

by: _____
One of His Attorneys

Attorney Code 41101
ÁVILA & TOMIC LLC
Attorneys for Plaintiff
227 West Monroe Street, Suite 2000
Chicago, Illinois 60606-5040
312-762-5928 telephone
312-762-5929 telefacsimile

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| **WALTER A. CHODOR,** | Case No.: 2008-L- ~~2008L005416~~ ~~CALENDAR/ROOM B~~ ~~TIME 00:00~~ |
| Plaintiff, | |
| v. | Judge:   The Hon. ~~Tort – Intentional~~ |
| | Calendar: B   Diane Larsen |
| **THE CITY OF CHICAGO,** an Illinois municipal corporation, body politic and unit of local government, | Room: 2203 |
| | **Jury Trial Respectfully Demanded** |
| Defendant. | |

## NOTICE OF FILING

To:   The City of Chicago
121 North LaSalle Street, Room 600
Chicago, Illinois 60602-1244

PLEASE TAKE NOTICE that on this day, Plaintiff filed with the Clerk of the Circuit Court of Cook County, the attached **Appearance** in the above-captioned case. A copy of same is hereby served upon you.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he this day caused a copy of the above Notice of Filing and the document described thereon, to be served upon the party listed above by attaching the same to the complaint and summons for service therewith; and further states that a courtesy copy was delivered to the judge listed above.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

**WALTER A. CHODOR,**

        Plaintiff,

    v.

**THE CITY OF CHICAGO,** an Illinois municipal corporation, body politic and unit of local government,

        Defendant.

Case No.:  2008-L- 5416

Judge:    The Hon. Diane Larsen
Calendar:  B
Room:    2203

**Jury Trial Respectfully Demanded**

## <u>APPEARANCE</u>

NOW COME attorneys Ávila & Tomic, LLC, and hereby enter an appearance on behalf of Plaintiffs, in the above-captioned case. The appearance fee was paid to the Clerk of the Circuit Court simultaneously with this filing.

Respectfully submitted,

WALTER A. CHODOR, Plaintiff

by: _____
One of His Attorneys

Attorney Code 41101
ÁVILA & TOMIC LLC
Attorneys for Plaintiff
227 West Monroe Street, Suite 2000
Chicago, Illinois 60606-5040
312-762-5928 telephone
312-762-5929 telefacsimile

08CV3463
JUDGE ANDERSEN
MAGISTRATE JUDGE MASON
TG

JUE 6/9/8
✶ PloTI
CPD

| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| **SUMMONS** | **ALIAS - SUMMONS** | **CCG N001-10M-1-07-05 (** ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

**WALTER CHODER, individually**

08-88000

Plaintiff,

v.

**THE CITY OF CHICAGO, an Illinois municipal corporation, body politic and unit of local government,**

Defendants.

2008L005416
CALENDAR/ROOM B
TIME 00:00
Tort – Intentional

No. 2008-L- 5416

### SUMMONS

The City of Chicago
121 North LaSalle Street, Room 600
Chicago, Illinois 60602-1244

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

**Street**

☑ Richard J. Daley Center, 50 W. Washington, Room **801**_____, Chicago, Illinois 60602 **-1462**

~~District 2 - Skokie~~ ~~District 3 - Rolling Meadows~~ ~~District 4 - Maywood~~
~~5600 Old Orchard Rd.~~ ~~2121 Euclid~~ ~~1500 Maybrook Ave.~~
~~Skokie, IL 60077~~ ~~Rolling Meadows, IL 60008~~ ~~Maywood, IL 60153~~

~~☐ District 5 - Bridgeview~~ ~~☐ District 6 - Markham~~ ~~☐ Child Support~~
~~10220 S. 76th Ave.~~ ~~16501 S. Kedzie Pkwy.~~ ~~28 North Clark St., Room 200~~
~~Bridgeview, IL 60455~~ ~~Markham, IL 60426~~ ~~Chicago, Illinois 60602~~

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

| | WITNESS,_____, 2008 |
| Atty. No.: **41101** | MAY 16 2008 |
| Name: **Ávila & Tomic LLC** 08-87994 | |
| Atty. for: **Plaintiff** | _____ |
| Address: **227 West Monroe Street, Suite 2000** | **Clerk of Court** |
| City/State/Zip: **Chicago, Illinois 60606-5040** | Date of service: _____, **2008** |
| Telephone: **312-762-5928** | (To be inserted by officer on copy left with defendant or other person) |

Service by Facsimile Transmission will be accepted at: _____ **312-762-5929** _____

(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**