IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER A. CHODOR, | ) | |
| | ) | No.  08 C 3463 |
| Plaintiff, | ) | |
| | ) | Judge Andersen |
| v. | ) | |
| | ) | Magistrate Judge Mason |
| CITY OF CHICAGO, an Illinois | ) | |
| municipal corporation, body politic | ) | |
| and unit of local government, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant City of Chicago ("City"), by its attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, moves to dismiss plaintiff's complaint, in its entirety, pursuant to Fed. R. Civ. P. 12(b)(6). In support of this motion, the City states as follows.

1.  The plaintiff, Walter A. Chodor, filed his seven-count complaint against the City in the Circuit Court of Cook County in the State of Illinois, No. 2008 L 005416, on May 16, 2008. The complaint was served on the City on June 4, 2008 and the City removed this action on June 17, 2008. In Count I, plaintiff alleges a violation of plaintiff's Fifth and Fourteenth Amendment rights pursuant to 42 U.S.C. §1983 ("Section 1983"). In Count II, plaintiff alleges a state law wrongful termination claim, apparently based on a failure to accommodate allegation made under the Americans with Disabilities Act ("the ADA"). In Counts III, IV, V and VI, plaintiff alleges state law defamation claims. In Count VII, plaintiff alleges a state law claim of intentional infliction of emotional distress based on the purported defamation.

2.  In the spring of 2006, plaintiff, who was employed as a Detective in the City's Police Department ("CPD") came under the mistaken belief that he was infected with the human

immunodeficiency virus ("HIV") and in May 2006 ingested a medication that contains the principal psychoactive chemical associated with cannabis. Complaint, ¶¶ 6, 7, 10.

3. On or about May 24, 2006, plaintiff reported for a drug test and provided a urine specimen. Complaint, ¶ 9. Plaintiff was ordered to report to the CPD's Internal Affairs Division, where he objected to, but cooperated with, an investigation. Complaint, ¶¶ 11, 12, 14.

4. On or about January 8, 2007, the CPD charged plaintiff with violations of various CPD Rules. Complaint, ¶ 17. Plaintiff resigned his employment in lieu of being terminated on February 12, 2008. Complaint, ¶20.

5. Plaintiff seeks monetary damages in excess of $700,000, interest, costs and fees, and punitive damages of $2,000,000 or more.

6. Count I of plaintiff's complaint should be dismissed because it fails to properly state a claim for municipal liability under <u>Monell v. New York Department of Social Services</u>, 436 U.S. 658, 692 (1978).

7. Count II of plaintiff's complaint should be dismissed because it is time barred by the statute of limitations and laches and because plaintiff fails to state a claim under the ADA.

8. Counts III, IV, V and VI of plaintiff's complaint should be dismissed because the City is not liable for claims of defamation.

9. Count VII of plaintiff's complaint should be dismissed because it is grounded in plaintiff's claims of defamation to which the City is immune.

10. Plaintiff's claim for punitive damages should be dismissed because such damages are not recoverable against the City.

11.     Additional support for this motion is found in the accompanying Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Complaint, which is incorporated by reference.

WHEREFORE, Defendant City of Chicago respectfully requests that this Court issue an order granting defendant's Motion to Dismiss Plaintiff's Complaint and dismissing plaintiff's complaint in its entirety with prejudice.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel of the
City of Chicago

BY:     /s/ Joan P. Altman
        JOAN P. ALTMAN
        JOSEPH A. GRAHAM
        Assistants Corporation Counsel

30 N. LaSalle St. Suite 1020
Chicago, IL 60602
312/744-2826/5126