IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER A. CHODOR, | ) | |
| | ) | No. 08 C 3463 |
| Plaintiff, | ) | |
| | ) | Judge Andersen |
| v. | ) | |
| | ) | Magistrate Judge Mason |
| CITY OF CHICAGO, an Illinois | ) | |
| municipal corporation, body politic | ) | |
| and unit of local government, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

The City of Chicago ("City"), by its attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, submits this Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**BACKGROUND**

Plaintiff Walter A. Chodor filed his seven-count complaint against the City in the Circuit Court of Cook County in the State of Illinois, No. 2008 L 005416, on May 16, 2008. The complaint was served on the City on June 4, 2008 and the City removed this action on June 17, 2008. In Count I, plaintiff alleges a violation of plaintiff's Fifth and Fourteenth Amendment rights pursuant to 42 U.S.C. §1983 ("Section 1983"). In Count II, plaintiff alleges a state law wrongful termination claim, apparently based on a failure to accommodate allegation made under the Americans with Disabilities Act ("the ADA"). In Counts III, IV, V and VI, plaintiff alleges state law claims of defamation. In Count VII, plaintiff alleges a state law claim of intentional

infliction of emotional distress by publication of slander. Plaintiff seeks monetary damages in excess of $700,000, interest, costs and fees, and punitive damages of $2,000,000 or more. Complaint Prayer for Relief, pp.13-15.

Plaintiff was employed as a Detective by the Chicago Police Department ("CPD") from April 24, 1991 to February 12, 2007. Complaint, ¶ 5. He alleges that in the Spring of 2006 he came under the mistaken belief that he was infected with the human immunodeficiency virus ("HIV"). Complaint, ¶ 6. In May 2006, he ingested a medication, Marinol, under the belief that it is a dietary supplement intended to increase the appetite of persons infected with HIV. Complaint, ¶ 7. Plaintiff subsequently learned that Marinol is the principal psychoactive chemical associated with cannabis. Complaint, ¶ 10.

On or about May 24, 2006, plaintiff reported for a random drug test conducted by the CPD and provided a urine specimen. Complaint, ¶ 9. On or about June 1, 2006, plaintiff reported to the CPD's Internal Affairs Division ("IAD"), where he was interrogated apparently with regard to the results of his drug test. Complaint, ¶¶ 11, 15. Plaintiff alleges that he provided statements to the IAD under duress and objected based on his belief that any complaint against him was not supported by a sworn affidavit. Complaint, ¶¶ 12, 13. Plaintiff also alleges that he requested a polygraph examination but was coerced under duress to forego the polygraph examination. Complaint, ¶ 15. Subsequently in January 2007, plaintiff was charged with violating various CPD Rules, and he alleges that the City scheduled a hearing before the City's Police Board in order to terminate plaintiff's employment. Complaint, ¶ 17.

On February 12, 2007, plaintiff resigned his employment and alleges that he was coerced to resign in lieu of being terminated because his accrued leave time was being held hostage and

because his supervisors were threatening to release the "confidential investigation records." Complaint, ¶¶ 18, 19, 20. Plaintiff alleges that following his resignation the City caused or permitted publication of all or portions of the confidential investigation and/or caused or permitted the publication of a falsehood that "defendant(sic)" was terminated for having smoked marijuana and that "defendant (sic)" has in recent months been accused of having been fired for smoking marijuana.[1] Complaint, ¶ 21.

## ARGUMENT

On a motion to dismiss, all well-pleaded factual allegations contained in the complaint must be taken as true, and all reasonable inferences therefrom must be construed in the plaintiff's favor. See, e.g., Williams v. Ramos, 71 F.3d 1246, 1250 (7th Cir. 1995). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1959 (2007)(citations omitted).

Under these standards, plaintiff's complaint should be dismissed in its entirety. Count I fails to properly state a claim for municipal liability under Monell v. New York City Department of Social Services, 436 U.S. 658, 692 (1978). Count II fails because plaintiff's claim for wrongful termination is time barred and because he has failed to state a claim for failure to accommodate under the ADA. Counts III, IV, V and VI fail to state a claim for defamation because the City is immune from such suits. Count VII similarly fails as plaintiff's claim of intentional infliction of emotional distress is based solely on his defamation allegations. In

---

[1] The City presumes that plaintiff erroneously alleges that "defendant" was terminated and accused of smoking marijuana, otherwise plaintiff's complaint is nonsensical.

addition, plaintiff's claim for punitive damages should be dismissed because such damages are not recoverable against the City.

## I. COUNT I SHOULD BE DISMISSED FOR FAILURE TO STATE A MUNICIPAL LIABILITY CLAIM UNDER MONELL

Municipal liability under Section 1983 requires that a plaintiff's constitutional injury be the result of a municipal policy, custom or practice. Monell, 436 U.S. at 692. Plaintiff fails to allege any Monell claim at all. Plaintiff's claim, at best, is that he resigned under duress after objecting to, but cooperating with, an investigation concerning his ingestion of Marinol. Plaintiff alleges a single incident, which cannot be the basis for a Section 1983 claim. See, e.g., Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997) (summarizing Supreme Court cases on this point). The Seventh Circuit, following Bryan County, has held that a municipality must be the "moving force" directly causing the alleged injury before the municipality may be held liable. Hulbert v. Wilhelm, 120 F.3d 648, 656 (7th Cir. 1997). While plaintiffs are not required to allege all of the facts entailed by the claim, plaintiffs are required to set forth facts that form the basis for the claim. McCormick v. City of Chicago, 230 F.3d 319, 323 (7th Cir. 2000). Here, plaintiff does not make, and nothing in his complaint can be construed as, an allegation that his purported constitutional deprivation was the result of an official policy, custom or practice, or that the City was in any way the "moving force" behind his alleged injury. Accordingly, because plaintiff fails to allege a constitutional injury for which the City may be held liable and because plaintiff fails to allege any Monell claim at all, Count I should be dismissed.

II. **COUNT II SHOULD BE DISMISSED BECAUSE IT IS TIME-BARRED UNDER THE ILLINOIS TORT IMMUNITY ACT, IT IS BARRED BY LACHES AND PLAINTIFF FAILS TO STATE A CLAIM UNDER THE ADA**

Under the Illinois Tort Immunity Act ("the Act"), a one-year statute of limitations applies to all claims, including but not limited to tort actions, against a municipality, except those arising from patient care. 745 ILCS 10/8-101(b). Plaintiff's wrongful discharge claim sounds in tort, and is not based on patient care; thus, the one-year statue of limitations is applicable to his claim. See Paszkowski v. Metropolitan Water Reclamation Dist. of Greater Chicago, 213 Ill. 2d 1, 12, (2004). Plaintiff resigned in lieu of termination on February 12, 2007, but did not file his complaint until May 16, 2008, more than three months after the one-year statute of limitations had expired. Thus, plaintiff's claim of wrongful termination is time-barred and Count I of plaintiff's complaint should be dismissed.

In addition, it is well-recognized that where plaintiffs file public employment cases, delay in filing may "easily prejudice governmental bodies, impair orderly procedures and work to the disadvantage of third parties." Coleman v. O'Grady, 207 Ill. App. 3d 43, 47 (1st Dist. 1990) (citing Kadon v. Board of Fire & Police Comm'r, 45 Ill. App. 2d 425, 429 (1st Dist. 1964)). In Illinois, a delay of more than six months from the date employment ceases is per se unreasonable and will bar a suit unless a reasonable explanation is provided for the delay. Id. at 46. Further, because "prejudice as a result of time is inherent in cases such as this [pubic employers' prejudice] need not be specially proved." Hauser v. Chicago Park Dist., 263 Ill. App. 3d 39, 41 (1st Dist. 1994).

Plaintiff resigned from his position on February 12, 2007. Complaint, ¶ 20. Plaintiff did not file his complaint until May 16, 2008, 15 months later. Plaintiff's delay is far beyond the six-

month laches period. Thus, his state law claim for wrongful termination is barred by laches and should be dismissed.

Plaintiff further alleges as part of his wrongful termination claim that he was under the mistaken belief that he was infected with HIV and that the City made no accommodation for him under the ADA. Complaint, ¶¶ 20, 30. However, it is not clear from the face of plaintiff's complaint what accommodation plaintiff requested and what accommodation the City failed to make. In any event, plaintiff has failed to allege a claim under the ADA. Plaintiffs suing under the ADA are required to file a charge with the Equal Employment Opportunity Commission ("the EEOC") within 300 days of the alleged discriminatory conduct, and failure to do so precludes plaintiffs from bringing suit in federal court. Fairchild v. Forma Sci., Inc. 147 F.3d 567, 574 (7th Cir. 1998). Plaintiff does not allege that he ever filed a charge with the EEOC, much less that he did so within 300 days of the alleged failure to accommodate. Accordingly, to the extent that Count II of plaintiff's complaint asserts a claim under the ADA, it must be dismissed.

### III. COUNTS III, IV, V, VI AND VII SHOULD BE DISMISSED BECAUSE THE CITY CANNOT BE HELD LIABLE FOR DEFAMATION

The Illinois Tort Immunity Act ("the Act") specifically provides that "[a] local public entity is not liable for injury caused by any action of its employees that is libelous or slanderous or for the provision of information either orally, in writing, by computer or any other electronic transmission." 745 ILCS 10/2-107; see also Hood v. Ill. High Sch. Ass'n, 359 Ill. App. 3d 1065, 1067 (2nd Dist. 2005). The Act's definition of "local public entity" includes "municipality;" therefore, the City is a local public entity immune from liability under the Act. 745 ILCS 10/1-206.

Each of plaintiff's four claims of defamation name the City as the defendant. Because the

City cannot be liable for defamation under the Act, plaintiff fails to state a claim, and Counts III, IV, V and VI should be dismissed. Plaintiff's claim of intentional infliction of emotional distress also fails to state a claim as it is solely based on his claim of defamation by publication of slander for which the City cannot be liable. Accordingly, Count VII should also be dismissed. 745 ILCS 10/2-107.

### IV.   THE CLAIM FOR PUNITIVE DAMAGES SHOULD BE DISMISSED BECAUSE SUCH DAMAGES ARE NOT RECOVERABLE AGAINST THE CITY

In the prayer for relief in Count I, plaintiff seeks, among other things, punitive damages against the City. Plaintiff's claim for punitive damages against the City should be dismissed because such damages are not recoverable in Section 1983 actions against a municipality. <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247, 267 (1981); <u>Spanish Action Comm. of Chicago v. City of Chicago</u>, 811 F.2d 1129, 1134 (7th Cir. 1987).

### CONCLUSION

Count I of plaintiff's complaint should be dismissed as plaintiff has failed to allege a custom, policy or practice; therefore, the City is not liable under Section 1983. Count II of plaintiff's complaint should be dismissed because the claim is time-barred pursuant to the statute of limitations in the Illinois Tort Immunity Act, is barred by laches and to the extent that plaintiff attempts to state a claim pursuant to the ADA, plaintiff is precluded from doing so because he did not file a charge with the EEOC. Counts III, IV, V, VI and VII of plaintiff's complaint should be dismissed because the City cannot be held liable for defamation pursuant to the Illinois Tort Immunity Act.

Accordingly, defendant City of Chicago respectfully requests that this Court issue an order granting its Motion to Dismiss Plaintiff's Complaint and dismissing plaintiff's complaint in its entirety with prejudice.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel of the
City of Chicago

By: /s/ Joan P. Altman
JOAN P. ALTMAN
JOSEPH A. GRAHAM
Assistants Corporation Counsel

30 N. LaSalle Street
Suite 1020
Chicago, Illinois 60602
312/744-2826/5126